## VIDAL v. GIRARD.

September 10, 1836.

*Motion for an order of sale in partition.*

Where a judgment *quod partitio fiat* in partition has been rendered, and married women are parties, the court will not order a writ of sale, without a writ *de partitione facienda,* even although the wives or their husbands, with the other parties, should file an agreement to that effect.

The wife is not competent, by agreement, to waive any of her rights.

THIS was an action of *partition* instituted by Vidal and others against Girard and others, to have parted and divided certain real estate according to the acts of assembly. *Purd. Dig., tit. Partition.* Several of the parties were married women, who (with their husbands) appeared to the action by attorney. A judgment *quod partitio fiat* was duly rendered.

*Kittera,* on filing an agreement of all the parties to waive the writ *de partitione facienda,* and that a writ of sale might issue forthwith, moved the court for an order of sale.

The opinion of the Court was delivered by

JONES, J.—We have uniformly refused to grant applications of this sort when any of the parties to the action are not *sui juris.* Coparceners are compellable at common law to make partition, and the

[Vidal v. Girard.]

writ of partition was provided exclusively for their use. By the statute 31 *Hen.* 8, *c.* 1, joint tenants and tenants in common may also be compelled to make partition by a writ to be devised in chancery, in like form as co-parceners are compellable to do by the common law ; and by this proceeding, as regulated by the act of the 11th of April 1799, a married woman may be wholly divested of her real estate, either by an order of sale or by the adjudication of the common estate to some of the tenants in exclusion of others. But in order to this result, the provisions of the acts of assembly relating to partition must be pursued. When the husbands of coparceners make equal partition, both they and their heirs are bound. *Co. Litt.* 171, *a* ; *Ibid. sect.* 257. They are bound because they were compellable to make partition ; and by the partition made by their husbands, each comes to the enjoyment of an equal purpart. The deed, however, of a married woman is void at common law. She can convey her estate in England only by fine. *Stat. Gloucester, c.* 3 ; 2 *Inst.* 294. In this state she may convey by deed, under the act of the 24th of February 1770 ; but the deed must be acknowledged in a peculiar form. When, therefore, the parties resort to an action of partition instead of a deed of partition or other conveyance, they must pursue the act relating to that action. In this case, the object of the application is to convert the real estate of a married woman into money and give it to her husband. We do not know that equal partition of the common estate cannot be made ; nor can we be judicially informed of the fact but by the return of the sheriff. The parties cannot make evidence of the fact, nor can the wife waive any of her rights. It will be the duty of the inquest which shall be summoned by the sheriff to make partition of the estate itself, unless they shall be of opinion that it cannot be divided according to the command of the writ without prejudice. No agreement of the wives or of their husbands will dispense them from this duty, otherwise a door may be opened to collusion or coercion. If the inquest should act upon other principles it would be a ground of exception to the return. The policy of the law is to narrow, not widen the influence of the husband over his wife's estate. 6 *Serg. & Rawle* 50. It has been stated that the married woman in this case has appeared by attorney ; but she can appear only in person, or by an attorney appointed by her husband ; and to allow her husband, or an attorney thus constituted, to waive the only proceedings in the action which can preserve to her and her heirs her real estate, is to

[Vidal v. Girard.]

deprive them of the only security which the law has provided against wrong.

Motion refused.